ARMSTRONG RUBBER CO., ET AL., PLAINTIFFS v. UNITED STATES, DEFENDANT

Court No. 84–10–01444

Before WATSON, *Judge.*

MEMORANDUM AND ORDER

(Decided February 14, 1986)

*Frederick L. Ikenson* for the plaintiffs.

*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, (*J. Kevin Horgan,* Attorney) for defendant.

WATSON, *Judge:* Plaintiffs have moved the court to hold certain officials of the Commerce Department in contempt of court for refusing to resume an investigation of whether or not radial ply tires from the Republic of Korea were being sold here at less than fair value.

This refusal followed a judgment in which the court reversed a determination by the International Trade Commission (ITC), which determination had the effect of terminating the administrative investigation of those tires.

The ITC had determined that there was no reasonable indication of injury from imports of tires from the Republic of Korea. This court found that the ITC had applied an erroneous legal standard and remanded the matter for the issuance of a determination in accordance with the court decision. *Armstrong Rubber Co., et al.* v. *United States,* 9 CIT 403, Slip Op. 85–85 (August 8, 1985).

In a later opinion in the same case the court denied defendants' motion for a stay pending appeal. (Slip Op. 85–109, October 18, 1985)

On these facts, the court will not exercise its contempt power against officials of the Department of Commerce. Although it was within the contemplation of the court that the judgment it was issuing would lead to the resumption of the investigation by the Department of Commerce, the court did not say so specifically. While it is true that the opinion denying the motion for a stay speaks of the strong public interest in the "uninterrupted progress of these investigations" it did not direct the continuation explicity.

It is also true that the opinion denying the stay refers to the opinion in *American Grape Growers Alliance, et al.* v. *United States,* 9 CIT 505 (Slip Op. 85–104 October 7, 1985), in which the court's expectation that such judgments create the necessity of a resumption of the investigation by the Department of Commerce is even more pronounced.

Nevertheless, even though it may be said that the court expected its judgments with respect to erroneous ITC determinations (determinations which had the effect of terminating investigations) to lead inexorably to the continuation of the investigations by the Commerce Department, it did not include a direction to that effect in its judgment.

An excuse for inaction which would be a minor technicality in other areas in which courts are called upon to judge the consequences of action or inaction, must be given more importance in the area of contempt. It is a settled safeguard, as it should be, that the awesome power of contempt is not to be used unless the party said to be in contempt has been given a clear direction by the court. *International Longshorement's Association* v. *Philadelphia Marine Trade Association,* 389 U.S. 64, 76 (1967). In fairness, it must be said that the judgment in this action did not give the Commerce Department a plain direction to resume the investigation.

Since making this motion for contempt, plaintiff has commenced a separate action to compel the Department of Commerce to resume the investigation. The substance of the dispute regarding the inaction of the Department of Commerce will be reached in the new action.

For the reasons given above, plaintiffs' motion to hold officials of the Department of Commerce in contempt of court is denied.